IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE:     THADDEUS D. WILLIAMS, | Case No. 09–36121–KRH |
| | Chapter 7 |
| Debtor. | |
| _____ | |
| SANDRA S. SPAIN and<br>TREADEGAR CONSTRUCTION, LLC, | |
| Plaintiffs, | |
| v. | Adv. Proc. No. 10–03117 |
| THADDEUS D. WILLIAMS and<br>MICHELE B. WILLIAMS, | |
| Defendants. | |
| _____ | |

## **MEMORANDUM OPINION**

Before the Court is the motion of Thaddeus D. Williams and Michelle B. Williams (the "Williamses") requesting a stay of this Court's Order entered December 7, 2011 (the "Settlement Order"), which approved a compromise and settlement between Donald A. Stokes, Esq. ("Stokes") and Roy M. Terry, Jr., the Liquidating Trustee for Treadegar Construction, LLC (the "Liquidating Trustee"). For the reasons set forth in this Memorandum Opinion, the Court has determined that the Williamses lack standing to appeal the Court's Settlement Order as they have no pecuniary interest in the liquidation of Treadegar Construction, LLC ("Treadegar") or in the distribution of its assets. Accordingly, the Williamses' motion for stay pending appeal must be denied.

## FACTS

This Adversary Proceeding originated in the Circuit Court of the County of Prince George, Virginia, on March 13, 2007, as a Civil Action styled *Sandra S. Spain and Treadegar Construction, LLC v. Thaddeus D. Williams, Michelle Williams and the Haskell Company*, Case No. CL-07-000134 (the "State Court Action").  The plaintiffs in the State Court Action sought to recover monies that the Haskell Company ("Haskell") allegedly owed to Treadegar on one of its construction projects.  Haskell filed a motion for interpleader in the State Court Action and tendered to the State Court the total amount that Treadegar claimed it was owed.  Thereafter, Haskell was dismissed from the State Court Action.

After each of the individual parties remaining in the State Court Action separately sought relief under the Bankruptcy Code,[1] the Williamses filed a notice to remove the State Court Action to this Court.  The Court denied a motion for abstention and remand filed by Sandra S. Spain ("Spain") and ordered that the monies interpled by Haskell in the amount of $102,222.29 be transferred to the Clerk of this Court.

The issues presented in the State Court Action involved ownership of the interpled funds. Questions were raised during the course of the litigation about whether Treadegar was a properly constituted legal entity and, if it was, about the identity of its owners.  A trial was conducted on March 29, 2011 (the "Trial"), during which the parties presented the testimony of seven witnesses and introduced numerous exhibits.  At the conclusion of the Trial, counsel submitted

---

[1] Thaddeus Williams filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court"), on September 21, 2009 (Case No. 09-36121).  His case was converted to a case under Chapter 7 on October 1, 2011.  Michelle Williams filed a Chapter 13 bankruptcy petition in this Court on February 12, 2010 (Case No. 10-30885).  Her case was converted to a case under Chapter 7 on December 27, 2011.  Sandra S. Spain filed a Chapter 13 petition in this Court on October 19, 2009 (Case No. 09-36826).  This case was dismissed on November 10, 2011.

proposed findings of fact and conclusions of law for the Court's consideration. The parties presented final arguments at a hearing conducted on May 17, 2011.

The Court issued a Memorandum Opinion and entered an order granting judgment (the "Judgment Order") pursuant to Rules 7052 and 7058 of the Federal Rules of Bankruptcy Procedure in the Adversary Proceeding (Case No. 10-03117) on May 19, 2011. *See Spain v. Williams*, 455 B.R. 485 (Bankr. E.D. Va. 2011). The Court found that Treadegar was a properly constituted limited liability company organized under the laws of the Commonwealth of Virginia. The Court also found that Treadegar had outstanding debts and liabilities of its own that needed to be paid from the interpled funds before any distribution could be made to the owners of Treadegar.[2] Finally, the Court found that the interest holders of Treadegar were the respective bankruptcy estates of Thaddeus Williams and Spain.

The Court ordered that Treadegar be dissolved pursuant to Virginia Code § 13.1-1047 and that its affairs be wound up pursuant to Virginia Code § 13.1-1048.[3] The Court appointed Roy M. Terry, Jr. as the Liquidating Trustee for Treadegar under the Virginia statute to effect the wind-up. Finally, the Court ordered that after all of the outstanding debts and liabilities of Treadegar had been paid from the interpled funds, the Liquidating Trustee was to pay any remaining assets to the separate bankruptcy estates of Thaddeus Williams and Spain in equal portion.

---

[2] The liabilities of Treadegar included two outstanding judgments that had been recorded against it as well as unspecified tax liability for unfiled federal and state tax returns. The Court found that neither the Williamses nor Spain were creditors of Tredegar.

[3] No petition for relief under the Bankruptcy Code was ever filed by or on behalf of Treadegar and no creditor has filed an involuntary petition. Accordingly, the Court ordered that the estate be liquidated pursuant to the provisions of Virginia law and appointed a Liquidating Trustee to effect that liquidation in order to preserve the assets of Treadegar, after payment of all of its outstanding liabilities, for distribution to the respective bankruptcy estates of Williams and Spain.

No party to the Adversary Proceeding noted an appeal of the Court's Judgment Order of May 19, 2011, in the Adversary Proceeding. Accordingly, that Judgment Order is now a Final Order. The Adversary Proceeding remains open in order to permit the Court to supervise the administration of the assets of Treadegar under state law by the Liquidating Trustee.

In connection with that administration, the Liquidating Trustee filed a motion for approval of a settlement that the Liquidating Trustee negotiated with Stokes, one of the two judgment creditors of Treadegar. Under the terms of the settlement, Stokes agreed to release his judgment in exchange for an immediate payment of a substantially reduced amount. The Court approved the settlement as being in the best interest of the Tredegar estate at a hearing conducted on November 22, 2011, over the objection of the Williamses. It is this Settlement Order that the Williamses now seek to appeal.

## ANALYSIS

A party must establish three elements to obtain constitutional standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the party must have suffered an injury in fact. There must be an invasion of some legally protected interest that is concrete and particularized and not conjectural or hypothetical. Second, the injury in fact must be "fairly . . . trace[able] to the challenged action." Finally, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id*. In addition to these constitutional requirements, a person must be a party in interest to have standing in a bankruptcy case. *See In re Global Indus. Techs., Inc.*, 645 F.3d 201, 210-11 (3d Cir. 2011). The Fourth Circuit has held that persons with a pecuniary interest directly affected by a bankruptcy proceeding are parties in interest. *In re Hutchinson*, 5 F.3d 750, 756 (4th Cir. 1993) (citing *White County Bank v. Leavell (In re Leavell)*, 141 B.R. 393, 399 (Bankr. S.D. Ill. 1992)).

Where an insolvent debtor has no pecuniary interest in the distribution of his assets, he lacks standing to raise an objection to how his assets are distributed among his creditors and lacks standing to bring an appeal. *Willemain v. Kivitz*, 764 F.2d 1019 (4th Cir. 1985) (stating that an insolvent debtor is not a party in interest and thus lacks standing because he has no pecuniary interest in the distribution of his assets to his creditors). *See also* 7 Collier on Bankruptcy ¶ 1109.01[1] (16th Ed. 2011) ( "[A]n entity that does not hold a financial stake in the case is generally excluded from the definition of 'party in interest.'"), *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 706-07 (8th Cir. 1979) ("Since the bankrupt is normally insolvent, he is considered to have no interest in how his assets are distributed among his creditors and is held not to be a party in interest." (citations omitted)).

The Court's Judgment Order in the Adversary Proceeding established that Michelle Williams has no pecuniary interest in any distribution that may be made from the estate of Treadegar. Neither does her bankruptcy estate. Similarly, Thaddeus Williams does not hold a financial stake in the liquidation of Treadegar and will not be directly affected by the proceeding, as any distribution that the Liquidating Trustee may make from the estate of Treadegar will be made to the separate bankruptcy estates of Thaddeus Williams and Spain. *Spain v. Williams*, 455 B.R. at 503. Any interest that Thaddeus Williams might possibly assert in Tredegar would be indirect at best. It would be entirely derivative of his status as the debtor in his own bankruptcy case. While a debtor may retain a pecuniary interest in his or her bankruptcy estate if the estate is solvent and the debtor can reasonably expect to receive a dividend, that is not the case here. Thaddeus Williams's scheduled liabilities in this case total $156,208, an amount that greatly exceeds any distribution that his bankruptcy estate might expect to receive from the Liquidating Trustee of Treadegar. Any distribution from Treadegar will not restore solvency to Thaddeus

Williams's bankruptcy estate, and there will be no surplus in the estate that would permit a dividend to be returned to him. Therefore, neither Thaddeus Williams nor Michelle Williams have a pecuniary interest in the liquidation of Treadegar, either direct or indirect.

The party in interest in this matter is the Chapter 7 bankruptcy Trustee for the bankruptcy estate of Thaddeus Williams. The bankruptcy Trustee does not object to the compromise and settlement that the Liquidating Trustee negotiated with Stokes. The Williamses should not be allowed to interfere with the exercise of the Chapter 7 Trustee's reasonable business judgment or to needlessly saddle both the estate of Thaddeus Williams and the estate of Tredegar with additional administrative burdens when they have no pecuniary interest in the outcome other than to frustrate the legitimate interests of the creditors of the two estates.

Thaddeus Williams and Michelle Williams are not parties in interest with standing to appeal the Court's Settlement Order approving the compromise. It follows that they are not entitled to a stay pending the appeal. Accordingly, the motion of Thaddeus Williams and Michelle Williams will be denied.

A separate order shall issue.

ENTERED: _____

                                                /s/ Kevin R. Huennekens
                                  UNITED STATES BANKRUPTCY JUDGE