IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:  THADDEUS D. WILLIAMS,                                    Case No. 09-36121-KRH
                                                                                        Chapter 7
                      Debtor.
───────────────────────────────────────

SANDRA S. SPAIN and
TREADEGAR CONSTRUCTION, LLC,

              Plaintiffs,

v.                                                                                     Adv. Proc. No. 10-03117

THADDEUS D. WILLIAMS and
MICHELE B. WILLIAMS,

              Defendants.
───────────────────────────────────────

## MEMORANDUM OPINION

This adversary proceeding stems from a dispute over the ownership of Treadegar

Construction, LLC ("Treadegar").  The lawsuit originated in the Circuit Court of the County of

Prince George, Virginia, on March 13, 2007, as a civil action styled *Sandra S. Spain and*

*Treadegar Construction, LLC v. Thaddeus D. Williams, Michelle B. Williams,*[1] *and The Haskell*

*Company*, Case Number CL07–000134 (the "State Court Action").  The State Court Action was

commenced to recover monies allegedly owed to Treadegar by The Haskell Company

("Haskell").  Haskell interpleaded the disputed funds, tendering a check to the state court in the

amount of $99,578.00 (the "Interpleaded Funds").  As the Interpleaded Funds represented the

total amount Treadegar claimed it was due for the work it had performed as a subcontractor,

Haskell was dismissed from the State Court Action.

---

[1] Defendant Michele Williams' first name was incorrectly spelled "Michelle" in the complaint filed in the State Court Action.

A dispute then arose among the individual parties to the State Court Action over their entitlement to the Interpleaded Funds.  Thaddeus Williams ("Mr. Williams") thereafter filed a voluntary petition under Chapter 13 of the Bankruptcy Code[2] in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court") on September 21, 2009 (Case Number 09-36121).[3]  Sandra Spain ("Spain") followed with her own voluntary petition filed on October 19, 2009 (Case Number 09-36826).[4]  Finally, on February 12, 2010, Michele Williams ("Mrs. Williams") filed a Chapter 13 bankruptcy petition in this Court (Case Number 10-30885).[5]

As all of the individual parties were now debtors in pending bankruptcy cases, the State Court Action was removed to this Court on July 14, 2010.  Spain filed an amended Complaint in the Adversary Proceeding, whereby she (1) contested whether Treadegar was properly formed as a limited liability company and (2) requested that the respective ownership interests in Treadegar be determined.  The Williamses timely filed an Answer to the amended Complaint, denying the allegations and raising counterclaims.  A trial on the merits was conducted on March 29, 2011, and further arguments were held on May 17, 2011.

By Order entered May 19, 2011, the Court found that Treadegar was a valid limited liability company.  The Court further found that Spain and Mr. Williams each had held a 50

---

[2]  Title 11 of the U.S. Code may be referred to as the "Bankruptcy Code."

[3]  Mr. Williams had previously filed a voluntary petition under Chapter 13 of the Bankruptcy Code in this Court on November 7, 2007 (Case Number 07-34214) (the "Prior Case").  Relief from stay to pursue the State Court Action was granted in the Prior Case.  On September 17, 2009, the Prior Case was dismissed due to Mr. Williams' failure to make plan payments.  Mr. Williams' subsequent Chapter 13 case failed for the same reason; and that bankruptcy case, Case Number 09-36121, was converted to Chapter 7 on September 29, 2011.  That case remains pending before the Court.

[4]  Plaintiff Spain filed her bankruptcy petition as Sandra Stephenson Sprouse.  Sandra Spain will be referred to as Spain throughout this Memorandum Opinion for clarity.  Spain's 2009 bankruptcy case was voluntarily dismissed on November 10, 2011.  Spain filed a second voluntary petition under Chapter 13 of the Bankruptcy Code on January 30, 2012.  That case remains pending before the Court.

[5]  On December 23, 2011, Michele Williams converted her case to Chapter 7.  She received a discharge on April 10, 2012.  On April 26, 2012, the case was closed.

2

percent ownership interest in Treadegar, but that their interests had now vested in their respective

bankruptcy estates.  The Court further appointed a liquidating trustee to wind up Treadegar's

financial affairs and to administer the Interpleaded Funds.  The Court further held that, after all

of the liabilities of Treadegar had been satisfied, the remaining net proceeds from the

Interpleaded Funds were to be distributed, in equal portion, to the respective trustees of the

bankruptcy estates of Mr. Williams and Spain.

On May 20, 2011, the Court entered an Order appointing Roy Terry as the Liquidating

Trustee (the "Liquidating Trustee") for Treadegar.[6]  On June 28, 2011, the Liquidating Trustee,

by counsel, filed an application to authorize the employment of DurretteCrump PLC

("DurretteCrump") as counsel for the Liquidating Trustee.  The Court approved the employment

of DurretteCrump by Order entered on September 1, 2011.

Effective December 1, 2011, the Liquidating Trustee and certain DurretteCrump

attorneys primarily responsible for representing the Liquidating Trustee (the "Former

DurretteCrump Attorneys") left DurretteCrump and joined Sands Anderson PC ("SA").  On

---

[6]  The Court ordered the Liquidating Trustee to take full control of Treadegar for the purpose of winding up its
affairs pursuant to § 13.1-1048 of the Virginia Code.  In winding up the business, the Liquidating Trustee's duties
included:

    (1)  investigating the financial affairs of Treadegar;
    (2)  establishing a procedure for the solicitation, filing, and examination of proofs of claim of
        Treadegar's creditors;
    (3)  determining whether there were any remaining assets of Treadegar in addition to the
        Interpleaded Funds that needed to be liquidated;
    (4)  filing any necessary actions to examine the judgments against Treadegar and, if appropriate,
        to avoid any judgments;
    (5)  filing any tax returns that Treadegar may have been required to file;
    (6)  distributing the Interpleaded Funds and any additional monies realized from the liquidation of
        Treadegar's other assets to the creditors of Treadegar and, if any surplus remained thereafter,
        to the respective bankruptcy estates of the interest holders of Treadegar after satisfying all
        expenses of administration; and
    (7)  making a final report and filing a final account of the administration of Treadegar with the
        Court.

None of these duties had any direct impact on Mr. Williams or Spain or on the administration of either's bankruptcy
estates except to the extent of any expectancy interest the bankruptcy estates might have had in the possible surplus
distribution.

March 5, 2012, the Liquidating Trustee filed a Notice of Change of Address and Firm Affiliation

and Establishment of "Chinese Wall" (the "Affiliation Notice").  In the Affiliation Notice, the

Liquidating Trustee announced that the Former DurretteCrump Attorneys would continue

representing the Liquidating Trustee.  The Affiliation Notice also disclosed that certain other SA

attorneys had represented Spain in the Adversary Proceeding.  In order to prevent any disclosure

of confidential information, the Liquidating Trustee stated that screening procedures were

immediately implemented at SA.  No objections or responses were filed to the Affiliation Notice.

On June 21, 2013, the Liquidating Trustee filed an Application to Employ Counsel (the

"Application"), whereby the Liquidating Trustee sought to employ SA as counsel effective

December 1, 2011.  On July 5, 2013, Mr. Williams filed a response to the Application (the

"Response") wherein he objected to the employment of SA, alleging that a conflict of interest

exists.  A hearing on the Application was held on July 24, 2013.

This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law

in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the

Federal Rules of Civil Procedure.[7]  The Court has subject-matter jurisdiction over this

Application pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the

United States District Court for the Eastern District of Virginia dated August 16, 1984.  This is a

core proceeding, *id.* § 157(b)(2)(A) and (O), in which final orders or judgments may be entered

by a bankruptcy court, *id.* § 157(b)(1).  Venue is appropriate in this Court.  *Id.* § 1409(a).

Mr. Williams argues in his Response that SA has a concurrent conflict of interest, (i.e.,

that the attorneys are not disinterested persons, failing to meet the requirements of § 327) and,

therefore, that the Court should not approve the Application.  The Court finds, however, that no

---

[7]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of
fact when appropriate.  Fed. R. Bankr. P. 7052.

such conflict of interest exists.  A concurrent conflict of interest exists where either "(1) the representation of one client will be directly adverse to another client; or (2) there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." *Va. Rules of Prof'l Conduct* R. 1.7(a).[8]  The representation of the Liquidating Trustee will neither be directly adverse to nor materially limited by SA's prior representation of Spain because neither Spain nor Mr. Williams has a direct or indirect interest in the Treadegar liquidation or, by extension, this Adversary Proceeding.

Spain and Mr. Williams, personally, do not have any direct interest in the Treadegar liquidation or in this Adversary Proceeding.  The Liquidating Trustee is responsible for winding up the affairs of Treadegar.  The Court has already determined that, once the Liquidating Trustee has completed this task, any remaining net proceeds from the Interpleaded Funds are to be disbursed to the respective bankruptcy estates of Spain and Mr. Williams.  No funds are to be disbursed by the Liquidating Trustee to Spain and Mr. Williams personally.  Therefore, the bankruptcy estates of Spain and Mr. Williams may have an interest in the Treadegar liquidation, but neither Spain nor Mr. Williams, personally, has any interest in the Treadegar liquidation or in this Adversary Proceeding.

The schedules filed by Spain and Mr. Williams in their underlying bankruptcy cases demonstrate that any remote, indirect connection they might have to the Liquidating Trustee is attenuated, as well.  The total amount of the liabilities scheduled by each debtor far exceeds the value of their scheduled assets.  As there is such a large deficit, any disbursement the bankruptcy

---

[8]  Under Local Bankruptcy Rule 2090-1(I), the Virginia Rules of Professional Conduct are applicable to counsel who practice in this Court.

trustees might ultimately receive from the Liquidating Trustee will be distributed to the creditors of the debtors' respective bankruptcy estates.

It is the respective bankruptcy trustees, not Spain or Mr. Williams individually, that hold the interest in Treadegar. The Liquidating Trustee has no conflict of interest with Spain or Mr. Williams. Accordingly, proposed counsel will have no conflict arising from the representation of the Liquidating Trustee, as requested in the Application.

To the extent that some conflict of interest might somehow exist, which the Court finds it does not, that conflict would be for the bankruptcy trustee to raise, not Mr. Williams. The Chapter 7 Bankruptcy Trustee for the bankruptcy estate of Mr. Williams has chosen not to do so. The Chapter 7 Bankruptcy Trustee has neither filed an objection or response to the Affiliation Notice, nor has he filed an objection to the Application. The Chapter 7 Bankruptcy Trustee is the fiduciary responsible for maximizing the bankruptcy estate of Mr. Williams.[9] The Court finds that to the extent any conflict may possibly have existed, it has been sufficiently waived.

Mr. Williams' lack of either direct or indirect interest in the Treadegar liquidation serves to illustrate why Mr. Williams lacks standing to object to the Application in the first place. In order to have constitutional standing, a party must show three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the party must have suffered an injury in fact. *Id.* An injury in fact is an invasion of some concrete and particularized, actual and imminent, legally

---

[9] The Chapter 7 Bankruptcy Trustee is charged with the duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). In order to effectuate this duty, the Chapter 7 Bankruptcy Trustee must determine whether pursuing a cause of action would maximize the estate, not merely benefit a particular party such as the debtor. By his decision not to oppose the Application, the Chapter 7 Bankruptcy Trustee determined either that no cause of action existed or that pursuing any existing cause of action would not benefit the estate. The Court will not substitute his judgment for that of the Chapter 7 Bankruptcy Trustee. *See Devan v. Simon DeBartolo Group, L.P.* (*In re Merry-Go-Round Enterprises, Inc.*), 182 F.3d 149, 162 (4th Cir. 1999) ("[T]he Chapter 7 trustee requires considerable discretion. . . . '[S]o long as the trustee acts reasonably and in the best interests of the estate, and so long as she obtains fair value for the property under the circumstances, her choice of method of disposition will be respected.'" (quoting *In re Frezzo*, 217 B.R. 985, 989 (Bankr. E.D. Pa. 1998)).

protected interest.  *Id.*  An injury in fact may not be conjectural or hypothetical.  *Id.*  Second, the

injury in fact must have some causal connection to the challenged action.  *Id.*  Third, it must be

likely, not merely speculative, that a favorable decision will redress the injury.  *Id.*

In bankruptcy cases, a person must not only meet all three of these constitutional

requirements but also be a party in interest in order to have standing.  *See In re Global Indus.*

*Techs., Inc.*, 645 F.3d 201, 210-11 (3d Cir. 2011).  In the Fourth Circuit, parties in interest to a

bankruptcy case are those "persons whose pecuniary interests are directly affected by the

bankruptcy proceedings."  *Yadkin Valley Bank & Trust Co. v. Dairymen, Inc.* (*In re Hutchinson*),

5 F.3d 750, 756 (4th Cir. 1993) (quoting *White Cnty. Bank v. Leavell* (*In re Leavell*), 141 B.R.

393, 399 (Bankr. S.D. Ill. 1992)).  A debtor who has no pecuniary interest in the distribution of

the estate's assets is not a party in interest and, therefore, lacks standing.  *Willemain v. Kivitz* (*In*

*re Willemain*), 764 F.2d 1019, 1022 (4th Cir. 1985) ("[A]n insolvent debtor is not a party in

interest and thus lacks standing . . . .").  *See also Kapp v. Naturelle, Inc.* (*In re Knapp*), 611 F.2d

703, 706-07 (8th Cir. 1979); *cf. 7 Collier on Bankruptcy* ¶ 1109.01[1] (Alan N. Resnick & Henry

J. Sommer, eds., 16th ed.) ("[A]n entity that does not hold a financial stake in the case is

generally excluded from the definition of 'party in interest.'").

As explained in its Memorandum Opinion issued January 13, 2012, Mr. Williams is not a

party in interest to this Adversary Proceeding.[10]  Mr. Williams has no pecuniary interest in any

distribution that may be made by the Liquidating Trustee from the Treadegar estate.  Any such

distribution that the Liquidating Trustee may make will be made to Mr. Williams' bankruptcy

estate, not to Mr. Williams personally.  As such, Mr. Williams does not have an interest in the

---

[10]  The true party in interest in this matter is the Chapter 7 Bankruptcy Trustee for Mr. Williams' bankruptcy estate.
The Chapter 7 Bankruptcy Trustee did not file an objection to the Application.  No party in interest filed an
objection to the Application.

Treadegar estate that would cause him to be a party in interest.[11]  Mr. Williams' Response is

overruled because Mr. Williams lacks standing to object to the Application.

   For these reasons, the Court approves the Application.

   A separate Order shall issue.


Entered: _____


      _____/s/ Kevin R. Huennekens_____
      UNITED STATES BANKRUTCY JUDGE

---

[11]  The Court will not sanction Mr. Williams' repeated attempts to interfere with the Liquidating Trustee's administration of Tredegar or his continuing efforts to frustrate a timely distribution of the net proceeds realized from the Interpleaded Funds to his bankruptcy estate.